UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ANTHONY CRACCHIOLO,

        Defendant.

CONSENT ORDER OF
INTERLOCUTORY SALE
OF REAL PROPERTY

S2 22 Cr. 108 (JPC)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    WHEREAS, on or about March 15, 2023, ANTHONY CRACCHIOLO (the "Defendant") was charged in a two-count Superseding Information, S2 22 Cr. 108 (JPC) (the "Information"), with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1) (Count One);

    WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from gross proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and the following specific property:

    a. the real property located at 5951 Northwest 65th Court, Parkland, FL, 33067 (the "Subject Property");

    WHEREAS, on or about March 9, 2022, the Government filed a Forfeiture Bill of Particulars giving notice that the property subject to forfeiture as a result of the offense charged in

Count One of the original Indictment in this case, 22 Cr. 108 (JPC), includes all of the Defendant's right, title and interest in the Subject Property;

WHEREAS, the Subject Property is titled in the name of the Defendant;

WHEREAS, on or about March 15, 2023, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7): (i) a sum of money equal to $2,399,817 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) all right, title and interest of the Defendant in the specific property listed in the Information;

WHEREAS, on or about March 15, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, imposing a forfeiture money judgment against the Defendant, in the amount of $2,399,817 in United States currency (the "Money Judgment"), and forfeiting all right, title and interest of the Defendant in, among other things, the Subject Property; and

WHEREAS, the Government and the Defendant have agreed to the interlocutory sale of the Subject Property by the Defendant before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney David Raymond Lewis, of counsel, and the Defendant and his counsel, James R. Froccaro, Jr., Esq., that:

1.  The Defendant is authorized to sell the Subject Property in a commercially feasible manner to achieve the highest possible sale price for the Subject Property, which shall involve the listing of the Subject Property listed with a licensed real estate broker. The United States, or its designee, may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value, or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2.  Prior to listing the Subject Property, the Defendant shall provide an appraisal of the Subject Property to the Government. The Government shall have the option of providing its own appraisal for the Subject Property to the Defendant prior to determining a listing price for the Subject Property.

3.  Upon the receipt of an offer from a potential buyer for the Subject Property, the Defendant shall provide notice to the Government and shall not accept any offer that is less than two-thirds of the appraised value.

4.  Upon the sale of the Subject Property the net proceeds shall be deposited in the Seized Asset Deposit Fund pending the resolution of this matter.

5.  The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

    a.  Any outstanding mortgages;
    b.  Real estate commissions, fees;
    c.  Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
    d.  Insurance costs;
    e.  Escrow fees;
    f.  Title fees; and
    g.  County transfer fees

(hereinafter, the "Net Proceeds").

6. The Defendant shall, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within ninety (90) days from the date of entry of this Interlocutory Sale Order. In the event the Defendants fail to secure a contract of sale within ninety (90) days, the Government is authorized to assume responsibility for the sale of the Subject Property.

7. The Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

8. The Net Proceeds shall be issued in a check made payable to United States Marshals Service and referencing "U.S. v. Cracchiolo, S2 22 Cr. 108 (JPC), 5951 Northwest 65th Court, Parkland, FL" in the memorandum section of the check, and deposited and held by the United States Marshals Service (or its designee) in the Seized Assets Deposit Fund pending entry of a final order of forfeiture.

9. In furtherance of the interlocutory sale, the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

10. The Defendant shall maintain the Subject Property in the same condition as the Subject Property is currently in, and shall not remove, destroy, alienate, transfer, detract from, remodel, or alter in any way, the Subject Property or any fixture, which is part of the Subject

Property, reasonable wear and tear excepted.

11. Until the sale of the Subject Property, the Defendant shall pay outstanding and ongoing mortgage payments on the Subject Property and pay any taxes that come due on the Subject Property.

12. This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

13. This Interlocutory Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

14. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

15. Each party agrees to bear its costs and attorneys' fees.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]

16. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Order.

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____     March 25, 2023
DAVID RAYMOND LEWIS                      Date
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007


By: _____     March 27th 2023
ANTHONY CRACCHIOLO                       Date


By: _____     March 31, 2023
JAMES R. FROCCARO, Jr.                   Date
Attorney for Anthony Cracchiolo
20 Vanderventer Ave., Suite 103W
Port Washington, NY 11050


SO ORDERED:

_____          _____
JOHN P. CRONAN                           DATE: April 5, 2023
UNITED STATES DISTRICT JUDGE