UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                   :

UNITED STATES OF AMERICA,               :

                                   :

          -v-                        :           22 Cr. 108 (JPC)

                                   :

ANTHONY CRACCHIOLO,             :           <u>OPINION AND ORDER</u>

                                   :

             Defendant.         :

                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On July 18, 2025, this Court denied Anthony Cracchiolo's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), explaining that while caring for his ailing father amounted to an extraordinary and compelling reason for a sentence reduction, the balance of sentencing factors under 18 U.S.C. § 3553(a) counseled against reducing his sentence. *United States v. Cracchiolo*, No. 22 Cr. 108 (JPC), 2025 WL 2017422, at *1, *3-6 (S.D.N.Y. July 18, 2025). Fewer than six months later, Cracchiolo has filed another compassionate-release motion, this time pointing to a need to care for his infirm mother, who is now alone after his father's passing. Dkt. 127 ("Motion"). While the Court appreciates Cracchiolo's predicament, the balance of factors under Section 3553(a) remains the same. Cracchiolo's motion is thus denied.

## I. Background

The Court assumes familiarity with this case's background. *See Cracchiolo*, 2025 WL 2017422, at *1-2. For present purposes, the following suffices:

Cracchiolo committed massive Medicare fraud and unlawfully (as a convicted felon) possessed a semiautomatic firearm; on March 15, 2023, he pleaded guilty to conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and knowingly possessing a firearm after a

felony conviction, in violation of 18 U.S.C. § 922(g)(1).  *Id.*  While Cracchiolo's offense conduct and criminal history yielded an advisory sentencing range under the United States Sentencing Guidelines of 87 to 108 months' imprisonment, the Court sentenced Cracchiolo on August 16, 2023 to a below-Guidelines term of sixty months' imprisonment, to be followed by three years of supervised release.  *Id.* at *2.  In reaching that sentence, the Court carefully balanced the Section 3553(a) factors, considering "the seriousness of Cracchiolo's offenses," the "need for individual and general deterrence," and "mitigating factors in his favor including Cracchiolo's role as a primary caretaker for his parents who ha[d] been dealing with various medical conditions."  *Id.* (internal quotation marks omitted).

Cracchiolo started serving his sentence on October 16, 2023.  *Id.*  After administratively requesting compassionate release with the Bureau of Prisons ("BOP")—which denied the request—Cracchiolo moved this Court on January 9, 2025 for compassionate release, citing his parents' need for a caretaker as an extraordinary and compelling circumstance warranting early release.  *Id.*  The Court agreed with Cracchiolo that his father's "dire health situation, including the absence of any viable caregiver within the family or ability to afford outside care, qualifies as an extraordinary and compelling reason for reducing Cracchiolo's sentence."  *Id.* at *4.  In reaching that conclusion, the Court explained that Cracchiolo's mother was "in very poor health herself" and could only take care of his father "under increasingly difficult circumstances."  *Id.* at *3 (internal quotation marks omitted); *see also id.* at *4 (explaining "that Cracchiolo has established that neither his mother nor his sister is available to serve as a caretaker").

The Court, however, still denied Cracchiolo's motion.  As it made clear, "[e]ven if an incarcerated defendant has established extraordinary and compelling reasons justifying early release, Section 3582(c)(1)(A) allows for compassionate release only 'after considering the factors

2

set forth in section 3553(a).'" *Id.* at *4 (quoting 18 U.S.C. § 3582(c)(1)(A)); *accord United States v. Keitt*, 21 F.4th 67, 73 & n.4 (2d Cir. 2021) ("[A] district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release."). And "the applicable Section 3553(a) factors compel[led] the conclusion that a reduction of the imposed sentence [was] not warranted." *Cracchiolo*, 2025 WL 2017422, at *5.

This Court began "with the nature and circumstances of the offense" along with "the need for the sentence to reflect the seriousness of the offense and provide just punishment." *Id.* at *4. Cracchiolo's conduct, this Court stressed, "was very serious": he "engaged in a large and sophisticated fraud targeting a national program that millions of Americans rely on," and on top of that, he "obtained a semiautomatic firearm, knowing full well that, after his prior narcotics [felony] conviction, he could not lawfully possess that weapon." *Id.* So reducing his sentence at a "relatively early stage of his term would fail to adequately reflect the very serious nature of th[ose] two crimes." *Id.* Nor would a sentence reduction "afford adequate deterrence to criminal conduct or protect the public from further crimes of Cracchiolo." *Id.* (internal quotation marks omitted). The Court observed that beyond "the two crimes in this case, Cracchiolo committed several other offenses," including ones involving domestic violence, drunk driving, and drug distribution. *Id.* As for specific deterrence, "Cracchiolo's conduct in this case entailed ongoing and deliberate decisions to violate the law," such as participating in a seventeen-month healthcare-fraud conspiracy, which could "hardly" be "dismissed as an isolated poor decision." *Id.* at *5. And both crimes Cracchiolo was convicted of "call strongly for general deterrence": because of the severe consequences from healthcare fraud, it "is essential that would-be health care fraudsters appreciate that, if they choose to engage in such fraud, they may face serious consequences," and the "illegal possession of guns endangers members of society, and it is important that people realize

3

that such conduct, too, will be met with significant punishment." *Id.*

The Court acknowledged that "certain Section 3553(a) factors . . . weigh[ed] in Cracchiolo's favor." *Id.* For instance, "to date, Cracchiolo ha[d] been a model inmate without any disciplinary infractions," and the BOP had assessed him "to present a low risk of recidivism." *Id.* But crucially, the Court pointed out, it had already "considered mitigating factors in imposing a below-guidelines sentence, including some of the Section 3553(a)-related arguments" Cracchiolo presented in his motion. *Id.* Indeed, while his father's condition "appear[ed] to have worsened since Cracchiolo was sentenced, [at sentencing,] the Court took into account that Cracchiolo [was] a primary caregiver for his parents who ha[d] been dealing with various medical conditions." *Id.* (internal quotation marks omitted). Given that Cracchiolo had "essentially ask[ed] this Court to reduce a 60-month sentence, which itself was . . . significantly below his advisory Guidelines range because of the various mitigating circumstances considered . . . , to roughly a 21-month term of incarceration," such "a significant sentence reduction would fail to reflect the seriousness of Cracchiolo's two offenses, including the harm caused by his health care fraud, and would not achieve specific and general deterrence for the conduct." *Id.* So the Court "conclude[d] that compassionate release at this stage [was] not warranted." *Id.*

After the Court denied Cracchiolo's motion, he was moved from the Federal Correctional Institution in Miami, Florida, to prerelease custody under the BOP's Miami Residential Reentry Management Office, and is living at a halfway house run by Dismas Charities in Dania Beach, Florida. *See* Motion at 3. He has a projected release date of January 17, 2027. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited February 2, 2026).

On December 30, 2025, Cracchiolo filed *pro se* a renewed compassionate-release motion. Dkt. 127. Cracchiolo's father has since passed away, so Cracchiolo asks the Court "for

compassionate release with a condition of extended supervised release for the sole purpose to take care of his mother, whose conditions are rapidly worsening." Motion at 4. Cracchiolo explains that the Dismas Charities halfway house in Dania Beach "is approximately an hour away from his mother's residence," so with his mother's "failing health there is a realistic fear that there" will not "be enough time for [Cracchiolo] to make it back to his mom's rescue from Dania Beach." *Id.* at 4, 11. So, he claims, the Section 3553(a) factors have "further tipp[ed]" in his favor and thus call for his release. *Id.* at 4.

The Court ordered the Government to file a response to Cracchiolo's renewed motion by January 16, 2026, and for Cracchiolo to reply by January 23, 2026. Dkt. 128. The Government responded on January 15, 2026. Dkt. 130 ("Opposition"). Cracchiolo did not reply.

## II.  Legal Standard

Section 3582(c)(1)(A) "permits a defendant to move for a reduction in sentence, up to and including release from prison, in federal district court." *United States v. Jones*, 17 F.4th 371, 373-74 (2d Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). The statute provides, in relevant part, that the court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . (i) extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The party moving for a sentence reduction pursuant to Section 3582(c)(1)(A) "has the burden of showing that the circumstances warrant that decrease." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992); *see United States v. Sellick*, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) ("The defendant bears the burden of showing that the circumstances warrant a sentence reduction."). Thus, as the moving party, Cracchiolo must show

that: (1) he exhausted his administrative remedies;[1] (2) extraordinary and compelling reasons warrant reduction of his sentence; and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a), on balance, do not cut against such reduction. *Keitt*, 21 F.4th at 71.

### III.  Discussion

The parties dispute whether Cracchiolo has established extraordinary and compelling reasons—based on the need to care for his ailing mother—warranting his release. *Compare* Motion at 3-4 (arguing that this Court already ruled that both Cracchiolo's father's "end stage pulmonary fibrosis was extraordinary and compelling" *and* that his mother's "comorbidities were also extraordinary and compelling"), *with* Opposition at 2 (arguing that "any potential extraordinary circumstance arising from [Cracchiolo's] mother's ailing health is significantly mitigated by the fact that [he] is already providing care for her, given that he is in custody at a residential reentry facility"). This Court need not resolve that dispute, however, because it still finds that "the applicable Section 3553(a) factors compel the conclusion that a reduction of the imposed sentence is not warranted." *Cracchiolo*, 2025 WL 2017422, at *5.

Only six months have passed since the Court reached that conclusion, and the relevant Section 3553(a) factors have not changed. The nature and circumstances of Cracchiolo's offenses remain the same, as does their seriousness. *See id.* at *4. Ditto the crimes Cracchiolo committed

---

[1] Cracchiolo asserts that he has requested from the BOP "compassionate release and waited the prescribed 30 days" for an answer as set out by Section 3582(c)(1)(A). Motion at 4-5; *see* 18 U.S.C. § 3582(c)(1)(A) (allowing a defendant to file a motion with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). While it is unclear whether Cracchiolo is referring to exhausting his *first* compassionate-release motion, the Government does not dispute exhaustion, *see* Opposition at 1-2, and it is well-settled that Section 3582(c)(1)(A)'s exhaustion requirement "may be waived or forfeited by the government," *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). In light of the Government's forfeiture, the Court need not address exhaustion.

before this case, which implicate the need for both deterrence and to protect the public from further crimes. *See id.* And as before, Cracchiolo's "conduct in this case entailed ongoing and deliberate decisions to violate the law, reinforcing the importance of specific deterrence," and both the health care fraud and firearms offenses still "call strongly for general deterrence." *Id.* at \*5. Although this Court admires Cracchiolo's desire and responsibility to care for his mother while her condition gets worse, the Court already "took into account that Cracchiolo is a primary caregiver for his parents who have been dealing with various medical conditions" at sentencing. *Id.* (internal quotation marks omitted). Indeed, as Cracchiolo concedes, he is currently able to care for his mother while under community confinement. *See* Motion at 11 ("As it stands now, Cracchiolo is spending nearly two hours per day in the car traveling back and forth to work and back and forth anytime he gets a home pass to spend time with his ailing mother or to take her to appointments."). That caring for her is more burdensome than it otherwise would be were Cracchiolo released is not a sufficiently mitigating consideration to outweigh the other Section 3553(a) factors that cut against release.

At bottom, Cracchiolo asks the Court to cut his sentence to about twenty-seven months: less than half of his already considerably-below Guidelines sentence of sixty months. *See Cracchiolo*, 2025 WL 2017422, at \*2 ("Cracchiolo's offense conduct and criminal history yielded an advisory sentencing range under the United States Sentencing Guidelines of 87 to 108 months' imprisonment."). As this Court already concluded, "[g]ranting such a significant sentence reduction would fail to reflect the seriousness of Cracchiolo's two offenses, including the harm caused by his health care fraud, and would not achieve specific and general deterrence for the conduct." *Id.* at \*5. Because the Court "may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release," *Keitt*, 21 F.4th at 73 n.4, the Court denies

Cracchiolo's motion.

## IV.  Conclusion

For these reasons, Cracchiolo's motion for compassionate release is denied.  The Clerk of Court is respectfully directed to close Docket Number 127 and to mail this Opinion and Order to Cracchiolo at his address: Dismas Charities Halfway House, 141 NW 1st Ave., Dania Beach, Florida 33004.

SO ORDERED.

Dated: February 2, 2026
   New York, New York

           JOHN P. CRONAN
          United States District Judge